IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAREN CAMPBELL McGAGH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-22-504 |
| BALTIMORE COUNTY, et al., | * | |
| Defendants | * | |
| | *** | |
| KAREN CAMPBELL McGAGH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-22-517 |
| BALTIMORE COUNTY, et al., | * | |
| Defendants | * | |
| | *** | |

**ORDER**

On March 2, 2022, self-represented plaintiff Karen Campbell McGagh filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. (ECF No. 1, Civil Action No. CCB-22-504.)[1]

McGagh's complaint concerns her state court criminal prosecution. She names as defendants, Baltimore County, Baltimore County State's Attorney, Baltimore County Police Department, Assistant State's Attorney Adam D. Lippe, Baltimore County Police Officer Brian Wolf, Baltimore County State's Attorney Scott Shellenberger, and Does 1-10. (ECF No. 1.)

---

[1] An identical complaint was docketed as *McGagh v. Baltimore County, et al.*, Civil Action No. CCB-22-517. That case is dismissed without prejudice as duplicative to Civil Action No. CCB-22-504.

McGagh asserts that her right to due process was violated during her state criminal proceedings. (*Id.* at 6.) She also asserts she was falsely imprisoned (*id.* at 7); her confession was coerced (*id.* at 8); she was denied reasonable bail (*id.* at 9); denied equal protection (*id.*); defendants conspired to deprive her of her constitutional rights (*id.* at 10); she was denied access to courts (*id.* at 11); unidentified police officers failed to intervene to prevent the violation of her civil rights (*id.* at 13); and various state law claims (*id.* at 13–16). The Supreme Court has held that these types of claims are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (*Heck* precludes claims that necessarily imply the invalidity of the judgment). It is unclear from the complaint whether the criminal matter that arose out of the events described in the complaint is still pending or has been resolved in McGagh's favor. If the criminal case against McGagh remains pending, the civil claims asserted in this case must be stayed "until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007).

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). In light of the noted deficiencies in McGagh's complaint and her pro se status, the court will require McGagh to show cause 1) why this civil action should not be dismissed without prejudice because a criminal conviction resulting from the events described in the complaint has not been overturned or 2) why this civil action should not be stayed until the relevant ongoing

criminal proceedings are resolved. McGagh is forewarned that her failure to respond to this Order will result in dismissal of the complaint without prejudice and without further notice.

McGagh has also filed a Motion for Temporary Restraining Order. (ECF No. 4, Civil Action No. CCB-22-504.) McGagh is seeking "a stay of the writ in D-08-CV-22-007639" and "Defendants Lippe, Shellenberger, Wolfe and Doe Defendant number one: Byron Huffman, in addition to any agents, associates" be enjoined "further malicious actions." (ECF No. 4 at 1.) McGagh alleges that since her release from confinement, Lippe has contacted opposing counsel in McGagh's civil case regarding her homeowner's insurance. (*Id.*) McGagh states that Lippe advised the attorney in that case that he believed the claim was fraudulent. (*Id.* at 2.) She further alleges that Lippe and Shellenberger have provided information in other court proceedings which portray her as a liar and mentally unstable causing her to lose her cases. (*Id.*) The motion is denied.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial rather than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that they are likely to succeed on the merits at trial; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–23 (2008); *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). "All four requirements must be satisfied." *Cantley v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted) (citation omitted). McGagh's request for injunctive relief shall be denied as she does not clearly satisfy all four factors.

At the outset, the court notes a fundamental problem with McGagh's claims for injunctive relief: they have no relation to the underlying complaint concerning McGagh's state criminal proceedings. Thus, the requirement of making a clear showing of her likely success on the merits actually concerns whether McGagh is likely to succeed at trial on her claims that her constitutional rights were violated during her state criminal proceedings.

Additionally, McGagh is unable to demonstrate a likelihood of success on the merits because Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative, functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422–23 (1976). Absolute immunity is designed to protect the judicial process; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 485–86 (1991) (citing *Imbler*, 424 U.S. at 430). The decision as to "whether and when to prosecute" is "quasi-judicial," and therefore, Maryland's States Attorneys enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376 (4th Cir. 1996).

Additionally, McGagh has failed to demonstrate a likelihood of suffering irreparable harm if the relief is not granted. As to irreparable harm, the movant must show the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In regard to McGagh's claims regarding ongoing state civil proceedings she is free to file the appropriate motions in those cases. Lastly, McGagh has failed to demonstrate that the balance of equities is in her favor or that an injunction would be in the public interest.

Accordingly, it is this 23rd day of March, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Civil Action No. CCB-22-517 IS DISMISSED without prejudice. All Motions pending in Civil Action No. CCB-22-517 ARE DENIED without prejudice;

2. The Clerk SHALL CLOSE Civil Action No. CCB-22-517;

3. McGagh is GRANTED 28 days from the date of this Order to SHOW CAUSE why this civil action should not be dismissed without prejudice or stayed pending resolution of her pending criminal matters in State court;

4. McGagh is FOREWARNED that failure to respond to this Order will result in dismissal of the complaint without further notice and without prejudice;

5. McGagh's Motion for Temporary Restraining Order, ECF No. 4, is DENIED;

6. The Clerk shall MAIL a copy of this Order to McGagh.

                                                               /s/
                                        Catherine C. Blake
                                        United States District Judge